IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHIL-TRAM COMPANY, INC., et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NEC TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | No. 02-2071 |

**MEMORANDUM**

  This case arose from a catastrophic fire at Phil-Tram's office in Philadelphia. As a result of the fire, Phil-Tram's Philadelphia facility sustained over $1.2 million in damages. Atlantic Mutual, Phil-Tram's insurer, has instituted this subrogation action against NEC Technologies ("NEC"), the purported manufacturer of the computer monitor plaintiff believes started the fire, in an effort to recover the $1,256,921.44 paid out as a result of the insurance claim. Phil-Tram specifically alleges that a monitor manufactured by NEC "ignited," causing the premises fire. For purposes of NEC's motion for summary judgment, the dispositive issue is whether plaintiff has shown evidence sufficient that a reasonable jury could find that NEC manufactured the monitor that caused the fire. I find that plaintiff has not met this burden and I will grant the defendant's motion for summary judgment.

  This court has subject matter jurisdiction over this case due to diversity of citizenship, pursuant to 28 U.S.C. § 1332. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a

reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party. *Liberty Lobby,* 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *Id.* at 252. If the non-moving party has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d

Cir. 1992).

Under Pennsylvania law, in order to prove a products liability case, the plaintiff must prove that any injury suffered was caused by a product of a specific manufacturer. *See DeWeese v. Anchor Hocking Consumer and Indus. Prod. Group*, 427 Pa. Super. 47, 52-3, 628 A.2d 421, 423 (1993). Therefore, the burden is on Phil-Tram to prove by a preponderance of the evidence that the monitor at issue was manufactured by NEC.

I find that plaintiff has failed to show that the monitor at the center of this dispute was manufactured by NEC. At a hearing held on Tuesday, March 28, 2006, addressing the identification of the monitor at issue, defendant presented overwhelming evidence through testimony by R.A. Atanus, Vice President of Product Development at NEC Technologies, that the monitor was not manufactured by NEC. Specifically, Mr. Atanus testified that: the remnant of the flyback transformer recovered from the fire is a different design than that which is installed in NEC monitors; the "base plate" recovered does not match the design of the base plate used in NEC monitors; the video board shielding on the remnant did not match that used in NEC monitors; the side shielding did not match that used by NEC and was installed using clips where NEC would have used screws; and the diode modulator recovered was a design that NEC never used. Further, Mr. Atanus testified that the fact that no CTI-600 fiberglass PC board, a flame retardant board installed in every NEC monitor, was recovered was evidence that the monitor was not manufactured by NEC. Plaintiff did not offer any evidence in rebuttal to this, nor did the cross-examination of Mr. Atanus give the Court any reason to question his conclusions.

I find that the defendant's evidence was sufficiently overwhelming that the Court is not in a position to have to assess credibility of the witness, and I therefore find as a matter of law that the monitor was not manufactured by NEC Technologies.  An appropriate Order follows.

**ORDER**

**AND NOW**, this 29th day of March, 2006, upon consideration of Defendant NEC Technologies, Inc.'s Motion for Summary Judgment, any responses thereto and oral argument held on Tuesday, March 28, 2006, it is hereby **ORDERED** that Motion is **GRANTED**. Judgment will be entered in favor of Defendant NEC Technologies, Inc. and against Plaintiffs Phil-Tram Company, Inc., t/a Philadelphia Tramrail Company, Philadelphia Handling Systems, Inc. and Philadelphia Tramrail Baler & Compactor Service Company, Inc.

The Clerk of Court is directed to close this case for statistical purposes.

       /s/ Lawrence F. Stengel
       LAWRENCE F. STENGEL, J.